**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**LEWIS FRANCIS MOFFETT** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 4:26-CV-226-JHM**

**JUDGE BRYCE CALDWELL, *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on an initial review of Plaintiff Lewis Francis Moffett's *pro se* civil-rights complaint pursuant to 28 U.S.C. § 1915A. Plaintiff filed a motion to add information to his original complaint. [DN 6]. The Court interprets this motion as a motion to supplement his complaint. Upon consideration, **IT IS ORDERED** that the motion [DN 6] is **GRANTED**, and **the Clerk of Court is DIRECTED** to attach a copy of DN 6 to the complaint. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff filed this *pro se* civil action under 42 U.S.C. § 1983 arising out of the handling of his state court criminal case, *see Commonwealth v. Moffett*, Criminal Action No. 26-CR-187 (Daviess Circuit Court).[1] [DN 1]. Plaintiff names as Defendant Daviess County Circuit Judge Bryce Caldwell in his individual and official capacities.

Plaintiff alleges that a witness in his state court criminal case testified that she lied on the police report and was under the influence of drugs. Plaintiff complains that despite this testimony, Defendant Caldwell denied Plaintiff's bond reduction motion and Plaintiff's motion to dismiss the

---

[1] The Kentucky Court of Justice online court records are available at https://kcoj.kycourts.net/kyecourts. A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969).

state criminal action. [DN 1]. In the supplement to the complaint, Plaintiff asserts that Defendant Caldwell improperly calculated and then denied the property bond.

As relief, Plaintiff seeks damages and the "dismissal of all charges."

**II.**

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**III.**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a

person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Official-Capacity Claims**

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Defendant Caldwell is a state employee. *See*, *e.g.*, *Quarles v. Beard*, No. 1:25-CV-P140-CRS, 2025 WL 2977637, at *2 (W.D. Ky. Oct. 17, 2025); *Ludwiczak v. Castlen*, No. 4:25-CV-P12-JHM, 2025 WL 1671899, at *2 (W.D. Ky. June 12, 2025). Claims brought against state employees in their official capacities are no different from a suit against the Commonwealth of Kentucky. *See Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, in as much as Plaintiff seeks damages from a state employee in his official capacity, Plaintiff fails to allege cognizable claims under § 1983. *See id.* Further, the Eleventh Amendment acts as a bar to claims for damages against state employees sued in their official capacities. *Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claim against Defendant Caldwell for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant immune from such relief.

Similarly, Plaintiff's official-capacity claim for injunctive relief against Defendant Caldwell is likewise dismissed. Plaintiff seeks dismissal of all charges. This request will be dismissed since it is not an available remedy under § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or

duration of his confinement and seeks immediate or speedier release, even though such a claim may come with the literal terms of § 1983."). Thus, Plaintiff's claim for injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

**B. Individual-Capacity Claims against Defendant Caldwell**

Plaintiff's individual-capacity claim against Defendant Caldwell is subject to dismissal as well because a judge is entitled to absolute immunity from suits for money damages for all actions taken in his judicial capacity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1871)). Thus, because Plaintiff's complaint pertains only to actions or inactions taken by Defendant Caldwell in his judicial capacity, Plaintiff's individual-capacity claim against him is barred by judicial immunity.

**IV.**

The Court will enter a separate Order dismissing this action.

Date: August 25, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014